

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADVOCACY CENTER FOR PERSONS
WITH DISABILITIES, INC.,

    Plaintiff,

vs.                              Case No.: 98-144-CIV-FTM-24D

THOMAS V. SELLARS, et al.,

    Defendants.
_____/

## DEFENDANTS' MEMORANDUM OF LAW REGARDING AUTHORITY OF DISTRICT COURT TO MODIFY JUNE 10, 1999 ORDER ON SUMMARY JUDGMENT, WHILE APPEAL IS PENDING

The Defendants, THOMAS V. SELLARS, FRANCES GIBBONS, and KATHLEEN KEARNEY, all sued in their official capacities, submit the following memorandum of law regarding the jurisdiction or authority of the District Court to modify its June 10, 1999 Order (granting in part and denying in part, Defendants' Cross-Motion for Summary Judgment), during the pendency of the appeal of that order to the Eleventh Circuit Court of Appeals.  Defendants contend that the Court is without authority to amend the order at issue, while it is under appeal.

## THE FILING OF A NOTICE OF APPEAL OF THE ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT OPERATES TO TRANSFER JURISDICTION OVER THE ASPECTS OF THE CASE DESCRIBED IN THAT ORDER TO THE CIRCUIT COURT

Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters which are the subject of or within the scope of the appeal, unless the notice of appeal is of a nonappealable order or is untimely or defective. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 48, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (Appeal of summary judgment order prior to filing of a motion to alter or amend judgment was defective and a nullity); State ex rel. Nixon v. Coeur d'Alene Tribe, 164 F.3d 1102, 1106 (8th Cir. 1999) (District Court improperly denied a request to voluntarily dismiss a party after the State filed its notice of appeal); Howard v. Mail-Well Envelope Co., 150 F.3d 1227, 1229 (10th Cir. 1998) (Appeal of a nonappealable order does not divest district court of jurisdiction over case or matters involved in appeal); Fobian v. Storage Technology Corp., 164 F.3d 887, 890 (4th Cir. 1999) (Pendency of an appeal does not divest district court of jurisdiction over issues which are "in aid of the appeal," like a Rule 60(b) motion).[1]

---

[1]/See also Apostol v. Gallion, 870 F.2d 1335 (7th Cir. 1989) ("The filing of a notice of appeal where a claim of qualified immunity is at issue, is an event of jurisdictional significance-- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (citations omitted); Williams v. Brooks, 996 F.2d 728, 729-730 (5th Cir. 1993) (Filing of a nonfrivolous notice of interlocutory appeal regarding immunity divests the district court of jurisdiction to proceed against a Congressman); Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992) (The filing of a nonfrivolous notice of appeal regarding a claim of qualified immunity divests the district court of jurisdiction to proceed with the trial).

2

Once an appeal is pending, the district court may not reexamine or supplement the order being appealed. Coeur d'Alene Tribe, *supra*; and 20 Moore's Federal Practice 3d. §303.32[2][a][ii] & n. 15.[2]

There are exceptions to the general rule that the appeal of an order effects a transfer of jurisdiction over the appealed aspects to the Circuit Court. For example, no transfer of an aspect of the case occurs if the appeal is taken from a nonappealable order or is the appeal is frivolous.[3] Howard v. Mail-Well Envelope Co., *supra*; and Coeur D'Alene Tribe, *supra*; Apostol, *supra*; and McMath v. City of Gary, Ind., 976 F.2d 1026, 1030-1031 (7th Cir. 1992). Additionally, the transfer of jurisdiction only affects those aspects of the court involved in the appeal. "Therefore, when an appeal is taken from a limited interlocutory ruling, as opposed to one that affects the litigation as a whole, the court may proceed with the case." Mail-Well Envelope Co., *supra*. Even a general appeal does not divest the district court over peripheral collateral matters such as attorneys' fees. Mail-Well Envelope Co., *supra*; and Weaver v. Florida Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999) (The filing of a notice of appeal of an order granting injunctive relief did not divest the district court of jurisdiction over collateral matters not affecting the

---

[2]/In fact, after a notice of appeal is timely and properly filed, the district court cannot take any action that would "alter the status of the case as it rests before the circuit court." 20 Moore's Federal Practice 3d. §303.32[2][a][ii].

[3]/Generally, appellate jurisdiction is primarily an issue for the appellate court. Therefore, if an appeal is taken from an interlocutory order and the issue of appealability is in doubt, the district court should stay its hand until [the Circuit Court] resolves the issue of [its] jurisdiction, or remand[s] for further clarification of that issue. Coeur D'Alene Tribe, 164 F.3d 1102, 1106-1107. *See also* Johnson v. Hay, 931 F.2d 456, 463 (8th Cir. 1991) (If the appeal is utterly lacking in merit and for the purpose of delay only, [the Circuit Court] may take appropriate action).

questions presented on appeal); and Britton v. Co-op. Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990) (Absent a stay, an appeal seeking review of collateral orders does not deprive the trial court of jurisdiction over other proceedings in the case, and an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal). Finally, an appeal of a final judgment does not divest the district court of jurisdiction to consider a Rule 60(b) motion.[4] Fobian, *supra*.

In the instant case, there has been no showing or determination that the appeal at issue is frivolous. The Eleventh Circuit Court of Appeals has issued no jurisdictional question, and has allowed the appeal to proceed without any obstacle. The order at issue would appear to be appealable pursuant to Title 28 U.S.C. §1292.[5]

In view of the breadth of the order on appeal in this case, this Court is divested of jurisdiction over most of the remaining issues in the case -- because those aspects are part of the order appealed. The attached initial brief will assist the Court in determining the aspects of the case on appeal. Specifically, this Court would have no jurisdiction to modify its rulings regarding mortality review committee reports, or indeed to modify any other legal conclusions contained in the order on appeal.

## RULE 62(c) PROVIDES THIS COURT WITH ONLY LIMITED AUTHORITY TO SUSPEND, MODIFY, RESTORE OR GRANT AN INJUNCTION DURING THE PENDENCY OF AN APPEAL

---

[4]/However, absent a Rule 60(b) motion, the Court may not *sua sponte* issue such relief. Eaton v. Jamrog, 984 F.2d 760, 762 (6th Cir. 1993) (Additionally, Rule 60(b) explicitly requires a motion from the affected party, and in this case the district court acted sua sponte).

[5]/For further information regarding the jurisdiction of the Eleventh Circuit to consider this appeal, see the Jurisdictional Statement contained in the attached Initial Brief.

Although the Court is divested of jurisdiction to amend its June 10, 1999, Order, the Court does retain jurisdiction to consider a stay of the effect of the order. Such stays are governed by Rule 62, Federal Rules of Civil Procedure. As reflected in the attached brief, Defendants assert that the order at issue is appealable pursuant to 28 U.S.C. §1292(a)(1), because the Order is an injunction in practical effect. Rule 62(c), Federal Rules of Civil Procedure, provides:

> Injunction Pending Appeal. When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. . .

Although the provisions of Rule 62(c) appear to afford the district court a broad grant of authority to modify injunctive orders, the case law interpreting that provision has substantially narrowed its reach. The district court may suspend, modify, restore or grant an injunction only to restore the status quo or in aid of the jurisdiction of the appellate court. Coastal Corp. v. Texas Eastern Corp., 869 F.2d 817, 820 (5th Cir. 1989) (Having reviewed the existing case law throughout the circuits and paying proper respect to Rule 62(c), we are persuaded that the powers of the district court over an injunction pending appeal should be limited to maintaining the status quo and ***ought not to extend to the point that the district court can divest the court of appeals from jurisdiction while the issue is before us on appeal***) (emphasis supplied); Ortho Pharmaceutical Corp. v. Amgen, Inc., 887 F.2d 460, 464 (3rd Cir. 1989) (Accordingly, ***in furtherance of preserving the integrity of the appeal***, an order entered under Fed.R.Civ.P. 62(c) to modify a preliminary injunction may alter the status quo) (emphasis supplied); Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc., 73 F.3d 546, 578 (5th Cir. 1996) (In addition, we have held that the district court's power to alter an injunction pending appeal is limited to

5

"maintaining the status quo."); and <u>Christian Science Reading Room Jointly Maintained v. City and County of San Francisco</u>, 784 F.2d 1010, 1017 (9th Cir. 1986) (This rule codifies the inherent power of a court "to preserve the status quo where, in its sound discretion, the court deems the circumstances so justify," and specifically authorizes the district court to modify, if necessary, the terms of the injunction being appealed from).

> Stated otherwise:
>
> Rule 62(c) is "merely expressive of a power inherent in the court to preserve the status quo where, in its sound discretion, the court deems the circumstances so justify." 7 J. Moore, Moore's Federal Practice P 62.05, at 62-19 to 20 (2d ed. 1979). It does not restore jurisdiction to the district court to adjudicate anew the merits of the case after either party has invoked its right of appeal and jurisdiction has passed to an appellate court. ***Rule 62(c) codifies the "long established" and narrowly limited right of a trial court "to make orders appropriate to preserve the status quo while the case is pending in (an) appellate court."*** (Emphasis supplied)

<u>McClatchy Newspapers v. Central Valley Typographical Union No. 46, Intern. Typographical Union</u>, 686 F.2d 731, 734 (9th Cir. 1982).

Accordingly, under the guise of Rule 62(c), this Court could suspend the effect of the injunctive order, because to do so would preserve the status quo in this case. Additionally, this Court could modify the injunction portion of the order -- limiting the time frame for which patient names must be provided, for example. However, under the auspices of Rule 62(c), this Court could take no action which would be in conflict with the Eleventh Circuit's exercise of jurisdiction in this case, or which would divest the Eleventh Circuit of jurisdiction over the appeal. Accordingly, it would not appear that errors of law may be corrected at the present time under Rule 62(c) authority.

6

## CONCLUSION

Pending the resolution of the appeal of the Order granting in part and denying in part Defendants' Cross-Motion for Summary Judgment, this Court is without jurisdiction to modify its legal conclusions regarding the ability of the Advocacy Center to access mortality review committee records, pursuant to its authority under the Protection and Advocacy for Individuals with Mental Illness Act, Title 42 U.S.C. §10801 *et seq.* [PAIMI]. Further, it is without authority to modify any of the other legal conclusions contained in the order on appeal. However, the Court may, pursuant to Rule 62(c), grant Defendants' Motion for Stay (or suspend the disclosure requirement contained in the order) or it may modify the disclosure requirement pending review (i.e., narrow the disclosure requirement).[6] However, it is well-established that this Court lacks jurisdiction to amend its prior order given the pendency of the appeal in this cause.

Respectfully submitted,

ROBERT A. BUTTERWORTH
ATTORNEY GENERAL

STEPHANIE A. DANIEL
Assistant Attorney General
Fla. Bar. No. 332305

Fla. Attorney General's Office
The Capitol, Suite PL01
Tallahassee, FL 32399-1050
Tele. No.: (850)414-3300
Fax No.: (850)488-4872

---

[6]/By suggesting that the Court has authority pursuant to Rule 62(c) to modify the disclosure requirement, Defendants are not, of course, agreeing that such a course of conduct would be legally appropriate in this case, where substantial reasons exist to grant the stay in its entirety.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by United States Mail to **GORDON SCOTT, ESQUIRE,** and **PETER L. NIMKOFF, ESQUIRE,** at the Advocacy Center for Persons with Disabilities, Inc., 2671 Executive Center Circle West, Suite 100, Tallahassee, Florida 32301-5092, and **BONITA M. RIGGENS, ESQUIRE,** at 501 1st Avenue North, Suite 629, St. Petersburg, Florida 33701, this 18th day of August, 1999.

_____
Stephanie A. Daniel
Assistant Attorney General